IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JONAS BRINKLEY, : | |
| : | |
| Petitioner, : | |
| : | |
| vs. : | Civil Action File No. |
| : | **7:08-CV-109 (HL)** |
| STEVE UPTON, Warden, : | |
| : | |
| Respondent. : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss the petition as being unexhausted. (Doc. 11).

Petitioner is challenging his February 3, 2000, Tift County jury trial convictions for armed robbery and two counts of kidnaping. Petitioner received a life sentence for one count of kidnaping; twenty years, consecutive to the life sentence, for the second count of kidnaping; and, twenty years, concurrent, for armed robbery.

According to the original and amended petitions, Petitioner filed a motion for new trial February 8, 2000, which is still pending.  On August 6, 2008, Petitioner executed this habeas corpus petition, claiming that he has been denied his right to appeal, that the trial court committed misconduct, and that he had received ineffective assistance of trial and appellate counsel.

Respondent now moves to dismiss this petition for lack of exhaustion.

Section 2254 of the AEDPA provides as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the
    State; or
    (B)(I) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of
    the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion-of-state- remedies doctrine, codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, 'an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.' <u>Wilwording v. Swenson</u>, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971).

Petitioner did not file either a direct appeal or any kind of collateral state appeal. Petitioner had and still has available state remedies in which to raise his grounds in the state courts. Specifically, he has not attempted to present his claims to the Georgia courts.

Georgia trial and habeas corpus courts are empowered under state law to grant out-of-time appeals in criminal cases, if warranted. <u>Ponder v. State</u>, 260 Ga. 840, 400 S.E.2d 992 (1991).

Georgia courts are not hostile to such claims and have sought to encourage Georgia prisoners to bring such claims to the state courts, so that the state courts can "mend their own fences" before burdening federal courts with such issues. See e.g. Chatman v. Mancill, 280 Ga. 253, 626 S.E.2d 102 (2006).

It is clear that petitioner has failed to exhaust state remedies, as he still has the option to seek a direct appeal and/or state collateral review.

Consequently, for the reasons aforesaid, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition be **GRANTED** and that petitioner's petition for writ of *habeas corpus* be **DISMISSED** without prejudice to his right to re file once he has in fact exhausted his state remedies.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of June, 2009.

//S Richard L. Hodge  
RICHARD L HODGE  
UNITED STATES MAGISTRATE JUDGE

msd